UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-02075-JMS-DKL |
| ) | |
| GANNETT COMPANY, INC., ) | |
| INDIANAPOLIS NEWSPAPERS, INC., ) | |
| PACIFIC SOUTHERN CO INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On December 30, 2015, Defendants removed this case from state court to federal court, alleging that this Court has federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") over Plaintiff Timothy J. Cox's employment-related claims. [Filing No. 1.] "[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte* . . . [and] a court in doubt of its own jurisdiction generally is well-advised to solicit the parties' views on the subject." *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015). Because Mr. Cox's Complaint does not reference ERISA and it does not appear that he is making any federal claims, the Court will solicit the parties' views on the existence of federal jurisdiction before this case proceeds.

The Court typically determines whether federal question jurisdiction exists "by examining the plaintiff's well-pleaded complaint, for it is long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996) (citation omitted). A defendant cannot remove a case to federal court simply by asserting a federal question in a

responsive pleading. *Id.* Instead, "[t]he issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation." *Id.*

An exception to the well-pleaded complaint rule exists "where Congress has completely preempted a given area of state law." *Id.* The United States Supreme Court extended the complete preemption exception to ERISA cases in *Metropolitan Life Ins. Co. v. Taylor*, holding that the doctrine "applied to certain ERISA claims because Congress intended to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). But "a claim brought under ERISA § 502(a) provides the basis for complete preemption whereas [a claim brought under ERISA] § 514(a) provides the basis for conflict preemption." *Jass*, 88 F.3d at 1488 (citing *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995)). This distinction is important because

> complete preemption is an exception to the well-pleaded complaint rule that has jurisdictional consequences. If a state law claim has been "displaced," *see Taylor*, 481 U.S. at 60, and therefore completely preempted by § 502(a), then a plaintiff's state law claim is properly "recharacterized" as one arising under federal law. *Taylor*, 481 U.S. at 64. But state law claims that are merely subject to "conflict preemption" under § 514(a) are not recharacterized as claims arising under federal law; in such a situation, the federal law serves as a defense to the state law claim, and therefore, under the well-pleaded complaint rule the state law claims do not confer federal question jurisdiction. Thus, complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not.

*Rice*, 65 F.3d at 640 (some citations omitted).

The Seventh Circuit has held that three factors are relevant for determining whether a claim is brought under ERISA § 502(a): (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Jass*, 88 F.3d at 1487;

*see also Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 955 (7th Cir. 2004) (applying same three factors).

Mr. Cox alleges that he worked for Defendant Gannett Company Inc. ("Gannett") "from 1997 to 2014 as a newspaper carrier and . . . [a]s a condition of employment, [Mr. Cox] was required to sign lengthy form contracts that mischaracterized him as an independent contractor." [Filing No. 1-1 at 12.] Mr. Cox contends that these "form contracts were designed to conceal the true relationship of Gannett and Plaintiff of employer and employee." [Filing No. 1-1 at 12.] Mr. Cox asserts that based on his actual working conditions, he was an employee of Gannett, not an independent contractor. [Filing No. 1-1 at 12-13.] Mr. Cox contends that Gannett's alleged misclassification of him "has caused him to be denied the benefits of employment, including but not limited to overtime wages, workers' compensation, unemployment insurance, income tax withholding, meal and rest breaks, contributions to retirement plans, reimbursement for business expenses, and health insurance benefits." [Filing No. 1-1 at 14.]

Mr. Cox's Complaint asserts five claims:  1) failure to pay overtime wages pursuant to Indiana Code §§ 22-2-2-4 and 22-2-2-9; 2) unlawful deductions from wages pursuant to Indiana Code § 22-2-6-2; 3) violation of Indiana's Wage Payment Statute pursuant to Indiana Code §§ 22-2-5-1 and 22-2-5-2; 4) fraud; and 5) unjust enrichment. [Filing No. 1-1 at 14-17.] Mr. Cox's requested relief includes, compensatory damages, interest, reasonable attorneys' fees, and "[s]pecial damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendants' above-described acts and omissions." [Filing No. 1 at 3.]

Defendants contend that since Gannett provided eligible employees with certain employment benefits under ERISA benefit plans during the relevant time, Mr. Cox's action is

removable based on ERISA preemption. [Filing No. 1 at 3.] They cite 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." [Filing No. 1 at 4.] Defendants argue that "ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under an employee benefit plan." [Filing No. 1 at 3 (citing case law).] Defendants emphasize that assuming Mr. Cox was, in fact, an employee, "the terms of the plans would have to be interpreted to determine at least his eligibility for benefits under those plans as well as whether he has complied with the claims procedures set forth in the plans." [Filing No. 1 at 4.]

Defendants allege that Mr. Cox's claims are subject to complete preemption under ERISA § 502(a) and, thus, Mr. Cox's state court action is removable to this Court. [Filing No. 1 at 2.] While that may be true, because a plaintiff is the master of the complaint, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002), the Court needs more information from Mr. Cox regarding the nature of his claims and the relief that he seeks before the propriety of removal can be determined.

For the reasons set forth herein, the Court **ORDERS** Mr. Cox to file a **statement of claims** by **January 28, 2016**, setting forth the legal basis for each of his claims against Defendants. If he does not intend to bring any federal claims or seek any benefits under ERISA benefit plans that were available to Gannett employees at the relevant time, he should expressly state so. Because a removing defendant bears the burden of proving that federal jurisdiction is proper, *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013), Defendants must file a **response** to Mr. Cox's statement of claims by **February 8, 2016**, specifically asserting why federal jurisdiction is

4

proper based on Mr. Cox's statement of claims. To the extent Defendants allege that Mr. Cox is pursuing any claim under ERISA § 502(a), Defendants must apply the three-factor test set forth in *Jass*, 88 F.3d at 1487, and also cite authority supporting their position that a worker characterized as an independent contractor can be a "participant or beneficiary" for purposes of bringing a civil action under ERISA. Mr. Cox may file a **reply** by **February 16, 2016**.

Date: January 14, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Amanda L. Shelby
FAEGRE BAKER DANIELS LLP (Indianapolis)
amanda.shelby@faegrebd.com

Craig M. Borowski
FAEGRE BAKER DANIELS LLP (Indianapolis)
craig.borowski@faegrebd.com

John T. Neighbours
FAEGRE BAKER DANIELS LLP (Indianapolis)
john.neighbours@FaegreBD.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
jbuddenbaum@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Kent M. Frandsen
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
kfrandsen@parrlaw.com