UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-02075-JMS-DKL |
| ) | |
| GANNETT COMPANY, INC., ) | |
| INDIANAPOLIS NEWSPAPERS, INC., ) | |
| PACIFIC SOUTHERN CO., INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO REMAND**

Presently pending before the Court is Plaintiff Timothy J. Cox's Motion to Remand. [Filing No. 14.] Defendants Gannett Company, Inc. ("Gannett"), Indianapolis Newspapers, Inc., and Pacific Southern Co., Inc. (collectively "Defendants") oppose Mr. Cox's remand request. [Filing No. 23.] The parties dispute whether Mr. Cox's state law employment-related claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), such that this Court has federal jurisdiction over Mr. Cox's action. For the reasons that follow, the Court concludes that Defendants were entitled to remove Mr. Cox's action to federal court, and the Court denies Mr. Cox's Motion to Remand without prejudice. [Filing No. 14.]

**I.
STANDARD OF REVIEW**

A party that removes a state court case to federal court has the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice

of forum in state court." *Schur,* 577 F.3d at 758. "If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). "[B]oth the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000). Thus, "[f]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte* . . . [and] a court in doubt of its own jurisdiction generally is well-advised to solicit the parties' views on the subject." *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

## II.
### BACKGROUND

On December 30, 2015, Defendants removed this action from state to federal court, alleging that this Court has federal question jurisdiction pursuant to ERISA over Mr. Cox's employment-related claims. [Filing No. 1.] Mr. Cox's Complaint alleges that he worked for Gannett "from 1997 to 2014 as a newspaper carrier and . . . [a]s a condition of employment, [Mr. Cox] was required to sign lengthy form contracts that mischaracterized him as an independent contractor." [Filing No. 1-1 at 12.] Mr. Cox contends that these "form contracts were designed to conceal the true relationship of Gannett and Plaintiff of employer and employee." [Filing No. 1-1 at 12.] Mr. Cox asserts that based on his actual working conditions, he was an employee of Gannett, not an independent contractor. [Filing No. 1-1 at 12-13.] Mr. Cox contends that Gannett's alleged misclassification of him "has caused him to be denied the benefits of employment, including but not limited to overtime wages, workers' compensation, unemployment insurance, income tax withholding, meal and rest breaks, contributions to retirement plans, reimbursement for business expenses, and health insurance benefits." [Filing No. 1-1 at 14.]

Mr. Cox asserts five claims: 1) failure to pay overtime wages pursuant to Indiana Code §§ 22-2-2-4 and 22-2-2-9; 2) unlawful deductions from wages pursuant to Indiana Code § 22-2-6-2; 3) violation of Indiana's Wage Payment Statute pursuant to Indiana Code §§ 22-2-5-1 and 22-2-5-2; 4) fraud; and 5) unjust enrichment. [Filing No. 1-1 at 14-17.] Mr. Cox's requested relief includes compensatory damages, interest, reasonable attorneys' fees, and "[s]pecial damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendants' above-described acts and omissions." [Filing No. 1 at 3.]

It is undisputed that Mr. Cox's Complaint does not reference ERISA or any other federal statute. Defendants removed this action to federal court, however, on the basis of ERISA preemption. [Filing No. 1.] Specifically, Defendants contend that since Gannett provided eligible employees with certain employment benefits under ERISA benefit plans during the relevant time and Mr. Cox alleges that he should have been classified as an employee instead of as an independent contractor, which allegedly resulted in his denial of employment benefits (among other damages), this Court has federal jurisdiction. [Filing No. 1 at 3-5.]

Because Mr. Cox's Complaint did not reference ERISA or any other federal statute, the Court issued a jurisdictional order soliciting the parties' views on the existence of federal jurisdiction. [Filing No. 12.] The Court cited case law detailing the well-pleaded complaint rule and the ERISA preemption exception and ordered Mr. Cox to file a statement of claims "setting forth the legal basis for each of his claims against the Defendants. If [Mr. Cox] does not intend to bring any federal claims or seek any benefits under ERISA benefit plans that were available to Gannett employees at the relevant time, he should expressly state so." [Filing No. 12 at 4.]

On January 20, 2016, Mr. Cox filed his Statement of Claims, asserting that he is pursuing state law claims against the Defendants for failure to pay him overtime (Count I (citing Indiana

3

Code § 22-2-2-4(k)); unlawful deductions from his wages (Count II (citing Indiana Code § 22-2-6-2)); Wage Payment Statute violations (Count III (citing Indiana Code § 22-2-5-2)); common law fraud (Count IV); and unjust enrichment (Count V). [Filing No. 13.] Mr. Cox acknowledged that his Complaint requested employment benefits as relief, but he asserts that he "does not seek the recovery of benefits *per se* under any employee benefit plan that may have been maintained by Defendants. Because he was never classified as an employee by defendants, Mr. Cox was never provided any information about employee benefits that Gannett may have offered its employees and has no way of knowing what benefits he may have missed out on until he can conduct discovery in his suit." [Filing No. 13 at 2-3.]

The same day that he filed his Statement of Claims, Mr. Cox filed a Motion to Remand his action back to state court. [Filing No. 14.] Defendants oppose that motion, [Filing No. 23], which is now fully briefed and ready for the Court's consideration, [Filing No. 24; Filing No. 34].

### III.
#### DISCUSSION

The parties dispute whether Mr. Cox's employment-related claims are preempted by ERISA, such that it was proper for Defendants to remove this case to federal court. The Court will set forth generally applicable law regarding ERISA preemption before addressing the parties' specific arguments.

**A. ERISA Preemption**

A removing defendant bears the burden of proving that federal jurisdiction is proper. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013). "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citation omitted). The existence of a federal defense normally does not create federal jurisdiction, and a defendant generally may not remove a

4

case to federal court "unless the *plaintiff's* complaint establishes that the case arises under federal law." *Id.* (original emphasis).

An exception to the well-pleaded complaint rule exists, however, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* The rationale for that rule is "because when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207-08. Put another way, complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). "Complete preemption permits 'recharacterization' of a plaintiff's state law claim as a federal claim so that removal is proper." *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998).

"[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Franciscan*, 538 F.3d at 596 (quoting *Davila*, 542 U.S. at 209). ERISA's preemption provision provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "Congress chose this aggressive form of preemption in order to knock out any effort to use state law, including state common law, to obtain benefits under such a plan." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (citation omitted). While ERISA's preemption provision is "broad . . . it does not sweep all state law off the table." *Id.* "If the connection between a state law claim and the benefit plan is too tenuous, remote, or peripheral, ERISA's preemption provision may not apply." *Id.* That said, "[a]rtful

pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court. In these instances, the federal law has effectively displaced any potential state-law claims" and the claims are removable to federal court. *Franciscan*, 538 F.3d at 596.

The United States Supreme Court has set forth a two-part test for determining when a claim has been completely preempted by ERISA:

> "[I]f an individual, at some point in time, could have brought his claim under ERISA [civil enforcement provision] § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).'"

*Franciscan*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210).

### B. Mr. Cox's Claims

Mr. Cox contends that his state law employment claims are not removable to federal court. [Filing No. 14.] Mr. Cox emphasizes that his Statement of Claims "clarified that it is not his intention to assert a claim under ERISA § 502 for benefits *per se*." [Filing No. 14 at 1.] Instead, Mr. Cox seeks damages from what he contends was his misclassification as an independent contractor. [Filing No. 14 at 1-3.] Mr. Cox emphasizes that he "does not seek actual plan benefits in this case; rather, he seeks damages based in part on the *value* of such benefits that would have and should have been provided for him had he been properly classified during his working relationship with Defendants." [Filing No. 14 at 3 (original emphasis).] He points out that if he prevails, it will be the Defendants that pay the judgment, not the Plan. [Filing No. 14 at 2.]

In response, Defendants contend that Mr. Cox "tries to duck the Court's straightforward question" regarding the nature of his claims and "in the end it is plain he is seeking benefits." [Filing No. 23 at 1.] Defendants urge the Court not to let Mr. Cox avoid preemption through what they contend is artful pleading that would elevate form over substance. [Filing No. 23 at 3; Filing

6

No. 23 at 8.] Defendants claim that Mr. Cox's argument that he is seeking the value of the benefits, not the actual benefits, "is a distinction without a difference." [Filing No. 23 at 4.] They argue that Mr. Cox has a colorable claim for benefits under ERISA and that his claims cannot be resolved without interpreting the ERISA plan. [Filing No. 23 at 6-7; Filing No. 23 at 12.] Thus, Defendants conclude that ERISA preemption applies to Mr. Cox's claims. [Filing No. 23 at 6-7.]

In reply, Mr. Cox disputes Defendants' contention that his claims will require the Court to interpret an ERISA plan. [Filing No. 24 at 1.] For the first time, he cites the second requirement of the *Davila* test and contends that the various state law statutes he alleges were violated present "a clear independent source of the legal duties at issue." [Filing No. 24 at 2.] Mr. Cox emphasizes that ERISA does not contain overtime or minimum wage requirements and "[t]here is no contention here that Defendants are guilty of any 'ERISA violations.'" [Filing No. 24 at 3.]

In their surreply, Defendants address Mr. Cox's new arguments regarding the second requirement of the *Davila* test.[1] [Filing No. 34 at 2.] Defendants argue that just because there are state statutes at issue, this does not foreclose ERISA preemption. [Filing No. 34 at 2 (citing *Davila*, 542 U.S. at 214 (concluding ERISA preemption appropriate for Texas statutory claims at issue therein)).]

### 1) Colorable Claim as Participant

The parties dispute whether Mr. Cox meets the first requirement of ERISA preemption, which is whether he could have brought his claim under ERISA's civil enforcement provision. *See Davila*, 542 U.S. at 210 (setting forth the first requirement for ERISA preemption as "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)"). Mr. Cox emphasizes that he "is not now and never was a participant or beneficiary in the ERISA

---

[1] The Court granted Defendants' request for leave to file a surreply. [Filing No. 33.]

plan" at issue because he was characterized as an independent contractor. [Filing No. 14 at 1-4.] Thus, he claims that he could not bring an ERISA action and does not meet the first requirement for ERISA preemption. Defendants disagree, emphasizing that based on his allegations, Mr. Cox has a colorable claim to benefits as a participant and that his independent contractor label is not dispositive. [Filing No. 23 at 6-11.]

In relevant part, ERISA's civil enforcement provision provides that an action may be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). For jurisdictional purposes, "anyone with a colorable claim to benefits" is "treat[ed] as a 'participant.'" *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). This requirement is "not a stringent one" and "depends on an arguable claim, not on success." *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996) (citing *Kennedy*, 924 F.2d at 700); *see also Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 878 (7th Cir. 2001) ("Even in cases where a plaintiff's claim ultimately failed, the 'possibility' of success was sufficient to establish participant or beneficiary status.") (citing *Kennedy*, 924 F.2d at 701).

The United States Supreme Court has concluded that ERISA's definition of "participant" is "completely circular and explains nothing."[2] *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). Because the statute does not give specific guidance, the Supreme Court has "adopt[ed] a common-law test for determining who qualifies as an 'employee' under ERISA." *Id.* (analyzing

---

[2] ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

skill required, source of the instrumentalities and tools, location of the work, duration of the relationship, whether hiring party has right to assign additional projects, extent of hired party's discretion over when and how long to work, method of payment, etc.); *see also Estate of Suskovich v. Anthem Health Plans Of Virginia, Inc.*, 553 F.3d 559, 565 (7th Cir. 2009) ("ERISA cases use a 12-factor common law standard to determine if a party to a lawsuit was an employee under the act.") (citing *Darden*, 503 U.S. at 323-24). Thus, pursuant to *Darden*, the Court agrees with Defendants that Mr. Cox's label as an independent contractor does not necessarily preclude him from being a "participant" for purposes of an ERISA civil enforcement claim.

Mr. Cox alleges that he was Defendants' employee under many of the common law factors. [*See* Filing No. 1-1 at 12-13.] For example, he alleges that they gave him fixed work hours; instructed him regarding when, where, and how to deliver the newspapers; maintained control over the route he took to deliver the newspapers; dictated how he drove his vehicle, including certain required repairs; and retained keys to locks he was required to purchase for certain equipment he had to buy to do the job. [Filing No. 1-1 at 12-13.] Based on these allegations, Mr. Cox concludes that "[u]nder conventional, legal, and economic tests, Plaintiff's relationship with Gannett is that of an employee of Gannett, not an independent contractor." [Filing No. 1-1 at 12-13.] The Court finds Mr. Cox's allegations sufficient to make a colorable claim that he is a "participant" under ERISA for purposes of a civil enforcement action.

Because Mr. Cox has made a colorable claim that he is a "participant," the Court must now determine whether any of his claims "fall within the scope" of the civil enforcement provision of ERISA. *Davila*, 542 U.S. at 211 (quotation omitted). It is undisputed that Defendants' employees were eligible to participate in health and medical benefits plans covered by ERISA during the time

period that Mr. Cox worked for Gannett. [Filing No. 1-2; Filing No. 1-3; Filing No. 1-4.] The question is whether Mr. Cox's claims seek those benefits.

Mr. Cox's Complaint references various employment benefits, including "contributions to retirement plans" and "health insurance benefits," that he contends he would have been eligible for had he not been allegedly misclassified as an independent contractor. [Filing No. 1-1 at 14.] Mr. Cox incorporates those allegations into his common law fraud and unjust enrichment claims, alleging that Defendants misclassified him "all for the purpose of avoiding paying for certain employment benefits" and, as a result of the misclassification, he had "to pay substantial sums of his own money for . . . insurance." [Filing No. 1-1 at 16.] Thus, Mr. Cox seeks "employment benefits" as part of his relief in his Complaint. [Filing No. 1-1 at 18.]

While Mr. Cox's Statement of Claims confirms that he is not asserting an independent ERISA claim, he did not disclaim the requested relief for employment benefits set forth in his fraud and unjust enrichment claims. [Filing No. 13 at 2; Filing No. 1-1 at 15-17.] Instead, Mr. Cox attempts to recharacterize his request by claiming that he "does not seek the recovery of benefits *per se* under any employee benefit plan" but that, instead, he "seeks damages to compensate him for the harm suffered as a result of Gannett's failure to properly classify him as an employee." [Filing No. 13 at 2.] Mr. Cox cites no authority to support his position that this is a meaningful distinction, and the Court concludes that it smacks of "artful pleading" that the Seventh Circuit has held "will not succeed in keeping the case in state court." *Franciscan*, 538 F.3d at 596. For example, with regard to Mr. Cox's allegations that his misclassification prevented him from participating in "contributions to retirement plans," [Filing No. 1-1 at 14], receipt of a money judgment for that claim certainly would implicate ERISA. *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007) (holding in the context of a defined-contribution plan

class action that because the receipt of a money judgment would constitute the receipt of plan benefits, plaintiffs were authorized to seek relief under ERISA's civil enforcement provision); *see also Burns v. Am. United Life Ins. Co.*, 2005 WL 3164233, at *5 (S.D. Ill. 2005) (concluding that ERISA preemption applied to plaintiff's state law claims because "[t]o compute these damages, the Court would be required to refer to the insurance policy" governed by ERISA).

For these reasons, the Court concludes that Mr. Cox has made a colorable claim that he is a "participant" and that his common law fraud and unjust enrichment claims seek damages that fall within the scope of ERISA. Accordingly, the Court agrees with Defendants that Mr. Cox's action satisfies the first *Davila* requirement for ERISA preemption.

   *2) No Independent Legal Duty*

The second requirement for ERISA preemption is that "'no other independent legal duty . . . is implicated by a defendant's actions.'" *Franciscan*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210). Mr. Cox did not challenge this requirement in his opening brief but makes a cursory challenge to it in his reply brief, arguing that "there is a clear independent source of the legal duties at issue in Plaintiff's various state law claims and no requirement whatsoever to interpret any ERISA plan to determine whether Defendants breached the duty."[3] [Filing No. 24 at 2.] Mr. Cox claims that allowing Defendants to remove his case under ERISA preemption would allow almost all Indiana employment cases asserting state law claims to be removed to federal court if the employer "happened to have an employee benefit plan governed by ERISA." [Filing No. 24 at 2.] Mr. Cox concludes that because his "legal claims arise wholly independent of the

---

[3] Mr. Cox waived this argument by presenting it for the first time in his reply brief. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir.2002) (arguments presented for the first time in a reply brief are waived). Because Defendants were able to file a surreply, however, the Court will address the merits of Mr. Cox's limited challenge to the second requirement for ERISA preemption.

existence of any ERISA plan," they are not removable. [Filing No. 24 at 3.] He emphasizes that "ERISA does not contain overtime or minimum wage requirements," which are at issue in the statutory state law claims he brings. [Filing No. 24 at 3.]

In response, the Defendants argue that just because there are state statutes at issue, this does not foreclose ERISA preemption. [Filing No. 34 at 2 (citing *Davila*, 542 U.S. at 214) (concluding ERISA preemption appropriate for Texas statutory claims at issue therein).] Defendants cite the expansive scope of ERISA preemption and emphasize that Mr. Cox's action "complains about the denial of coverage under the terms of Defendants' ERISA-regulated benefit plans." [Filing No. 34 at 2.]

Mr. Cox appears to argue that because he brings state law claims for Defendants' alleged violations under various Indiana statutes unrelated to ERISA benefits—specifically, a failure to pay overtime claim, an unlawful deduction from wages claim, and a violation of Indiana's wage payment statute—ERISA preemption does not apply to his action. Mr. Cox ignores, however, that he specifically requests employment benefits through his common law claims for fraud and unjust enrichment. [Filing No. 1-1 at 15-17.] Because Mr. Cox points to no other independent legal duty implicated by Defendants' actions with regard to his claim for unpaid benefits under those common law theories, his argument regarding the second requirement of ERISA preemption fails.

Based on the foregoing analysis, the Court agrees with Defendants that Mr. Cox's action was removable to federal court because some of the damages sought through his fraud and unjust enrichment claims are preempted by ERISA. This does not mean, however, that Mr. Cox cannot pursue recovery of the unpaid benefits under ERISA, recovery of his business expenses under the

fraud and unjust enrichment theories, or his state statutory claims in this action at this time.[4]  *See Sharp Elecs. Corp.*, 578 F.3d at 514 (noting that ERISA preemption "does not sweep all state law off the table" and that "[i]f the connection between a state law claim and the benefit plan is too tenuous, remote, or peripheral, ERISA's preemption provision may not apply").  Defendants rely on *Davila* to argue that ERISA can preempt state statutory claims.  [Filing No. 34 at 1-3.]  While that general principle of law is beyond dispute, Defendants do not analyze the statutes under which Mr. Cox brings his statutory claims or contend that they "fall within the scope" of ERISA.  *Davila,* 542 U.S. at 211.  Moreover, in *Davila*, the United States Supreme Court analyzed the Texas Health Care Liability Act ("THCLA") and concluded that "THCLA liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans."  542 U.S. at 213.  Thus, the state statutory claim at issue therein was preempted because "THCLA causes of action are not entirely independent of the federally regulated contract itself."  *Id.*; *see also id.* at 214 (noting that the plaintiffs in *Davila* "bring suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans").  Defendants do not dispute Mr. Cox's argument that the Indiana statutes under which he makes overtime and wage-related claims do not implicate employment benefits.  [Filing No. 24 at 3 ("ERISA does not contain overtime or minimum wage requirements or speak to what is required before an employer can create a valid wage assignment.").]  Therefore, while the Court agrees with Defendants that Mr. Cox has not set forth an independent legal duty for provision of employee benefits stemming from his fraud and unjust enrichment claims, it makes no such finding with respect to his fraud and unjust enrichment claims seeking recovery of business

---

[4] The Court recognizes that Defendants have filed a substantive Motion to Dismiss Count I of Mr. Cox's Complaint, which is his failure to pay overtime wages claim.  [Filing No. 15.]  That motion remains pending and the Court will address its merits by separate order in due course.

expenses or his state statutory claims. Thus, with respect to those claims, the Court will exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 at this time.

*3) Summary*

For the reasons detailed herein, the Court concludes that Mr. Cox's fraud and unjust enrichment claims for recovery of the value of employee benefits are preempted by ERISA. ERISA's preemption provision is "aggressive" and "'knock[s] out any effort to use state law, including state common law, to obtain benefits under such a plan.'" *Sharp Elecs.*, 578 F.3d at 514 (quoting *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992)). Common law fraud claims in the employment law context are commonly preempted by ERISA. *See Trainor v. SBC Servs., Inc.*, 2004 WL 2958684, at *5 (N.D. Ill. 2004) (noting that as a general rule, "state law fraud claims are preempted by ERISA") (citing *Reilly v. Blue Cross & Blue Shield United*, 846 F.2d 416, 426 (7th Cir. 1988)); *see also Powers v. Corn Products Intern., Inc.*, 557 F. Supp. 2d 928, 935 (N.D. Ill. 2008) ("ERISA does not lose its preemptive force just because the Plaintiff brings an action for common law fraud. Even where federal law provides no remedy for alleged misrepresentations with respect to an employer health care plan, ERISA still preempts the state law misrepresentation claim.") (citations omitted). As the Supreme Court held in *Davila*, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." 542 U.S. at 209. The Court concludes that Mr. Cox's fraud and unjust enrichment claims for recovery of employee benefits, as currently pled, are claims of that nature because they implicate ERISA. Consequently, it was proper for Defendants to remove Mr. Cox's action to federal court, and Mr. Cox's motion to remand must be denied. *See, e.g.*, *Clark v. Dale Prop. Servs.*, 2012 WL 851608, at *2-3 (W.D. Pa. 2012) (denying motion to remand after

concluding that ERISA preempted plaintiffs' state law claims because "[t]he central tenet of Plaintiffs' Complaint is that they are not independent contractors but have been, at all relevant times, treated by Defendants as employees, yet denied the benefits attendant to such status").

This does not mean that, as Mr. Cox believes, any state law employment action against an employer that has an ERISA plan is removable. Mr. Cox's action is not removable because Defendants had an ERISA plan; rather, it is removable because of claims stated by Mr. Cox in his Complaint and during briefing. Mr. Cox alleges he was actually an employee, Defendants had an ERISA plan, and he seeks recovery of the value of employment benefits that fall within the scope of ERISA.

The Court finds it necessary to make one final point, since it appears that Mr. Cox would prefer to pursue his action in state court. The plaintiff is the master of his complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). This case is in its early stages and case management deadlines have not yet been established. Should Mr. Cox amend his complaint to remove the the claims for employment benefits over which this Court has original jurisdiction, he would be free to re-raise the issue of whether the Court should continue to exercise jurisdiction over his action.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Mr. Cox's Motion to Remand. [Filing No. 14.] The motion is denied without prejudice, however, such that if Mr. Cox promptly moves to amend his complaint to clearly remove all requests for employment-related benefits in his claims, he may ask the Court to reconsider this ruling.

Date: April 12, 2016

                                                   Hon. Jane Magnus-Stinson, Judge
                                                   United States District Court
                                                   Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Amanda L. Shelby
FAEGRE BAKER DANIELS LLP (Indianapolis)
amanda.shelby@faegrebd.com

Craig M. Borowski
FAEGRE BAKER DANIELS LLP (Indianapolis)
craig.borowski@faegrebd.com

John T. Neighbours
FAEGRE BAKER DANIELS LLP (Indianapolis)
john.neighbours@FaegreBD.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
jbuddenbaum@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Kent M. Frandsen
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
kfrandsen@parrlaw.com

Camille Annette Olson
SEYFARTH SHAW LLP (Chicago)
colson@seyfarth.com

Richard B. Lapp
SEYFARTH SHAW, LLP
rlapp@seyfarth.com