UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY J. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-02075-JMS-DKL |
| ) | |
| GANNETT COMPANY, INC., ) | |
| INDIANAPOLIS NEWSPAPERS, INC., ) | |
| PACIFIC SOUTHERN CO INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently pending before the Court are two motions filed by Defendants Gannett Company, Inc., Indianapolis Newspapers, Inc., and Pacific Southern Co. Inc. (collectively, "Gannett"). [Filing No. 15; Filing No. 17.] Plaintiff Timothy J. Cox opposes Gannett's Motion to Dismiss Count I, [Filing No. 25 (objecting to Filing No. 15)], but did not respond to Gannett's Motion Requesting that the Court Take Judicial Notice of Information Contained in Certain SEC Filings, [Filing No. 17]. For the reasons that follow, the Court denies Gannett's Motion to Dismiss, [Filing No. 15], and denies as moot Gannett's Motion for Judicial Notice, [Filing No. 17].

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
## RELEVANT BACKGROUND

On December 30, 2015, Defendants removed this action from state to federal court, alleging that this Court has federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") over Mr. Cox's employment-related claims.  [Filing No. 1.]  Mr. Cox's Complaint alleges that he worked for Gannett "from 1997 to 2014 as a newspaper carrier and . . . [a]s a condition of employment, [Mr. Cox] was required to sign lengthy form contracts that mischaracterized him as an independent contractor."  [Filing No. 1-1 at 12.]  Mr. Cox contends that these "form contracts were designed to conceal the true relationship of Gannett and Plaintiff of employer and employee."  [Filing No. 1-1 at 12.]  Mr. Cox asserts that based on his actual working conditions, he was an employee of Gannett, not an independent contractor.  [Filing No. 1-1 at 12-13.]  Mr. Cox contends that Gannett's alleged misclassification of him "has caused him to be denied the benefits of employment, including but not limited to overtime wages,

workers' compensation, unemployment insurance, income tax withholding, meal and rest breaks, contributions to retirement plans, reimbursement for business expenses, and health insurance benefits." [Filing No. 1-1 at 14.]

After the Court raised an issue regarding the propriety of its federal jurisdiction over Mr. Cox's claims, [Filing No. 12], Mr. Cox filed a Motion to Remand, [Filing No. 14]. The parties briefed the propriety of the Court's subject matter jurisdiction, and the Court ultimately concluded that it has federal jurisdiction over Mr. Cox's claims under the doctrine of ERISA preemption.[1] [Filing No. 39.]

Mr. Cox asserts five claims in this action: failure to pay him overtime (Count I (citing Indiana Code § 22-2-2-4(k)); unlawful deductions from his wages (Count II (citing Indiana Code § 22-2-6-2)); Wage Payment Statute violations (Count III (citing Indiana Code § 22-2-5-2)); common law fraud (Count IV); and unjust enrichment (Count V). [Filing No. 13.] Gannett now moves to dismiss Count I, which is Mr. Cox's failure to pay overtime wages claim, [Filing No. 15], and Mr. Cox objects, [Filing No. 25].

### III.
#### DISCUSSION

Gannett argues that Mr. Cox's claim for Gannett's alleged failure to pay him overtime wages under the Indiana Minimum Wage Law (Count I) must be dismissed as a matter of law because Gannett is subject to the Fair Labor Standards Act ("FLSA"). [Filing No. 16.] Gannett argues that because it is beyond dispute that it is subject to the FLSA under the enterprise test, the

---

[1] Given this conclusion, the Court rejects Mr. Cox's argument presented in the pending Motion to Dismiss that the Court should not rule on that motion for lack of subject matter jurisdiction. [Filing No. 25 at 2.]

3

applicable Indiana statutes bar Mr. Cox from bringing a state-law overtime claim against Gannett. [Filing No. 16 at 4-5.]

In response, Mr. Cox does not dispute that Gannett may be subject to the FLSA under the enterprise test as a general matter. [Filing No. 25.] Instead, Mr. Cox points to a newspaper carrier exemption in the FLSA, which Mr. Cox argues makes Gannett not subject to the FLSA for purposes of his claim, since Mr. Cox alleges that he delivered newspapers for Gannett. [Filing No. 25 at 2-4.]

In reply, Gannett reasserts that the Indiana Minimum Wage Law does not apply, contending that the newspaper carrier exemption "simply exempts certain categories of *employees* from the provisions" of the FLSA, not their employers. [Filing No. 31 at 3 (original emphasis).] Gannett argues that to the extent this leaves Mr. Cox without a legal option for a minimum wage violation, he cannot "rewrit[e] the statute." [Filing No. 31 at 3.]

The Indiana Minimum Wage Law provides, in relevant part, that "no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed." Ind. Code § 22-2-2-4(k). Its definition of "employer" specifically exempts "any employer who is subject to the minimum wage provisions of the federal [FLSA]." Ind. Code § 22-2-2-3. Thus, as a general matter, the Indiana Minimum Wage Law does not apply to employers subject to the FLSA. *See, e.g.*, Abner v. Dep't of Health, 777 N.E.2d 778, 785 (Ind. 2003) (reiterating that "claims for overtime compensation cannot be raised under the [Indiana Minimum] Wage Law and that the [FLSA] is the exclusive remedy for enforcing rights created under that federal statute").

It is undisputed that employees are covered by the provisions of the FLSA, but independent contractors are not. *See* 29 U.S.C. § 203(e) (FLSA provision defining "employee" as "any individual employed by an employer"); *Kady v. Beg*, 2010 WL 2291832, *4 (S.D. Ind. 2010) ("It is undisputed that these provisions of the FLSA do not apply unless there exists a valid employer-employee relationship. In other words, employees are covered by the statute, but independent contractors are not.") (citing *Sec. of Labor, U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1531 (7th Cir. 1987)). When deciding a motion to dismiss, the Court must accept the factual allegations in the complaint as true but not the legal conclusions. *McCauley*, 671 F.3d at 617. "The ultimate question of whether an individual is an employee or an independent contractor is a legal conclusion which involves an application of the law to the facts." *E.E.O.C. v. N. Knox Sch. Corp.*, 154 F.3d 744, 747 (7th Cir. 1998)).

For purposes of resolving Gannett's Motion to Dismiss, the Court will accept Mr. Cox's factual allegation as true that Gannett treated him as an independent contractor. [Filing No. 1-1 at 12-13.] The Court cannot, however, accept as true Mr. Cox's legal conclusion that he was actually an employee. [Filing No. 1-1 at 13 (allegation in Complaint concluding that "[u]nder conventional, legal, and economic tests, [Mr. Cox's] relationship with Gannett is that of an employee of Gannett").] The implication of this for purposes of the pending motion is that the Court must conclude that Gannett was not subject to the FLSA with respect to its treatment of Mr. Cox, since it treated him as an independent contractor. Accordingly, the FLSA exemption in Ind. Code § 22-2-2-3 is inapplicable at this time.[2] To the extent that Gannett argues that the exemption applies because Gannett is an employer that is generally subject to the FLSA under the enterprise test,

---

[2] Given this conclusion, the Court need not address the parties' dispute regarding whether the newspaper carrier exception to the FLSA applies. [Filing No. 25 at 2-4; Filing No. 31 at 3-4.]

[Filing No. 16 at 4-5], the Court finds that Gannett's relationship with Mr. Cox is what is relevant to determining whether the exemption applies, *see* Ind. Code § 22-2-2-3 (using the word "employee" to define the term "employer" before setting forth the FLSA exemption).  The Court rejects the notion that an employer's FLSA status with respect to one type of employee could render it exempt under the Indiana overtime scheme for a different class of worker to whom the FLSA does not apply.  Thus, the Court need not consider the SEC filing that Gannett submits with the pending motion and denies as moot Gannett's request that the Court take judicial notice of that information.  [Filing No. 17.]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' Motion to Dismiss Count I, [Filing No. 15], and **DENIES AS MOOT** Defendants' Motion Requesting Court to Take Judicial Notice of Information Contained in Certain SEC Filings, [Filing No. 17].

Date:  June 7, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Amanda L. Shelby
FAEGRE BAKER DANIELS LLP (Indianapolis)
amanda.shelby@faegrebd.com

Craig M. Borowski
FAEGRE BAKER DANIELS LLP (Indianapolis)
craig.borowski@faegrebd.com

John T. Neighbours
FAEGRE BAKER DANIELS LLP (Indianapolis)
john.neighbours@FaegreBD.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
jbuddenbaum@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Kent M. Frandsen
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
kfrandsen@parrlaw.com

Camille Annette Olson
SEYFARTH SHAW LLP (Chicago)
colson@seyfarth.com

Richard B. Lapp
SEYFARTH SHAW, LLP
rlapp@seyfarth.com